GIBSON, DUNN & CRUTCHER LLP
GAIL LEES, SBN 90363
S. ASHLIE BERINGER, SBN 263977
SUSANNAH WRIGHT, SBN 264473
aberinger@gibsondunn.com
swright2@gibsondunn.com
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

YELP! INC.
AARON SCHUR, SBN 229566
aschur@yelp.com
706 Mission Street
San Francisco, California 94103
Telephone: (415) 908-3801
Facsimile: (415) 908-3833

Attorneys for Defendant YELP! INC.

ONGARO BURTT & LOUDERBACK LLP
DAVID R. ONGARRO, SBN 257928
AMELIA D. WINCHESTER, SBN 257928
585 Market St., Suite 610
San Francisco, CA 94105
Tel: (415) 433-3900 Fax: (415) 433-3950

Attorneys for Plaintiffs Boris Y. Levitt, *et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BORIS Y. LEVITT D/B/A RENAISSANCE RESTORATION, CATS AND DOGS ANIMAL HOSPITAL, INC., TRACY CHAN D/B/A MARINA DENTAL CARE, and JOHN MERCURIO D/B/A WHEEL TECHNIQUES; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YELP! INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 10-01321 EMC<br>Consolidated with CV 10-02351 EMC<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT STATEMENT** |

In accordance with the Court's June 6, 2011 Reassignment Order, plaintiffs Boris Levitt, Cats and Dogs Animal Hospital, Inc., Tracy Chan, and John Mercurio ("Plaintiffs") and defendant Yelp! Inc. ("Yelp" and collectively with Plaintiff, the "Parties") hereby submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9.

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties held a telephonic meeting of counsel on Thursday, June 16, 2011.  David R. Ongaro and Amelia D. Winchester participated for Plaintiff.  Susannah S. Wright participated for Yelp.

## I. Date Case Was Filed

The original complaint in this matter was filed by plaintiff Cats and Dogs Animal Hospital, Inc. ("Cats and Dogs") on February 23, 2010 in the United States District Court for the Central District of California.  A second complaint was filed by plaintiff Boris Y. Levitt ("Levitt") on March 12, 2010, in San Francisco Superior Court.  On March 16, 2010, plaintiff Cats and Dogs amended its complaint in the Central District.  On March 29, 2010, the Levitt complaint was removed to the United States District Court for the Northern District of California before Judge Patel, and on May 3, 2010, the Cats and Dogs matter was likewise transferred to the Northern District, where it was subsequently reassigned to Judge Patel.

Judge Patel granted Yelp's motion to consolidate the two actions on July 20, 2010, appointed Ongaro Burtt LLP as lead plaintiffs' counsel on August 24, 2010, and ordered Plaintiff to file a consolidated amended complaint.  Plaintiffs filed their First Amended and Consolidated Class Action complaint on September 23, 2010.  After Yelp filed a motion to dismiss the complaint, Plaintiffs voluntarily withdrew their complaint and filed a Second Amended and Consolidated Class Action Complaint on November 22, 2010 that included many changes, including the removal of causes of action for Intentional Interference with Business Advantage and violations of California Business and Professions Code section 17500.  Yelp filed a motion to dismiss the Second Amended Complaint, and on March 22, 2011, Judge Patel granted Yelp's motion, dismissing Plaintiffs' complaint, with leave to amend.  Plaintiffs filed their Third Amended and Consolidated Complaint on May 23, 2011.

II.     **Parties to the Action**

The four named plaintiffs in the Third Amended and Consolidated Class Action Complaint are: Boris Y. Levitt d/b/a Renaissance Restoration, Cats and Dogs Animal Hospital, Inc., Tracy Chan d/b/a Marina Dental Care, and John Mercurio d/b/a Wheel Techniques.  Yelp! Inc. is the sole defendant.

III.    **Summary of Claims and Events Underlying the Action**

A.      **Yelp's Statement**

Plaintiffs' Third Amended Complaint (the sixth complaint filed by plaintiffs in this matter), includes putative causes of action for violation of California Business and Professions Code section 17200 and for Civil Extortion and Attempted Civil Extortion.

Yelp is a leading Internet review website that allows members of the public to read and write online reviews about their experiences with local businesses. The reviews on Yelp's website are written by members of the public, who rate local businesses on a scale of one to five stars.  As disclosed on Yelp's website, well over 18 million reviews have been posted to Yelp's website, and the overwhelming majority of these reviews are positive – approximately 83% of reviews are 3 stars or higher, whether or not the business advertises on Yelp.  Tens of millions of people use Yelp's website each month—over 50 million in March 2011.

The integrity of these reviews has fueled the success of Yelp's service, and Yelp goes to great lengths to combat efforts by some businesses (including some of the Plaintiffs here) to post and solicit fake or unreliable reviews.  As Plaintiffs concede, Yelp discloses on its website that it "has an automated filter that suppresses a small portion of reviews – it targets those suspicious ones you see on other sites."  The review filter is critical to ensuring that consumers see the most reliable reviews posted on Yelp, rather than those that might have been written by a business owner seeking to deceptively promote its own business or tarnish a competitor.  The filter does not take into account whether or not a business advertises with Yelp, and instead filters reviews based on an automated analysis of "how established a particular reviewer is."  As Yelp discloses on its website, because a reviewer's activities and "trustworthiness" can vary over time, "reviews can disappear and reappear over time" based on the reviewer's varying involvement with Yelp.

Gibson, Dunn & Crutcher LLP

Yelp also provides businesses with an opportunity to advertise on Yelp.com. Advertisers are featured in clearly designated sponsored results at the top of Yelp search results and on related business pages. In addition, advertising businesses are able to "enhance [their] business page" with a photo slideshow and video, and to prevent competitors' advertisements from appearing on their business pages. Whether or not a business advertises on Yelp has no effect on the automated review filter.

At bottom, Plaintiffs' claims seek to suppress legitimate – and protected – online consumer commentary about their businesses and hinder Yelp's good faith efforts to protect consumers from potentially unreliable information. While Yelp strives to provide dependable service for consumers, Plaintiffs complain that they were harmed by negative consumer reviews or that positive reviews were removed as unreliable by Yelp's automated filter. As Judge Patel held in her March 22, 2011 Order, however, Plaintiffs fail to allege a coherent – or actionable – theory that Yelp engaged in any unlawful conduct or is responsible for their speculative injuries. Indeed, Plaintiffs have failed to make a single threat of unlawful injury, and their allegations fail to establish a non-speculative basis for concluding that the removal of negative reviews or publication of positive reviews was due to anything other than the standard operation of Yelp's automated filter. Specifically, Judge Patel found Plaintiffs' claims that Yelp "deliberately manipulates reviews" or "manufactures negative reviews" to be "entirely speculative," and she was "unable to reasonably attribute the appearance or disappearance of various user reviews to Yelp's wrongdoing as opposed to its efforts to filter out unreliable reviews." *See* March 22, 2011 Order, Docket Number 70, at 18 and 20.

**B.     Plaintiffs' Statement**

Plaintiffs' Third Amended and Consolidated class action complaint alleges claims for 1) violation of business and professions code section 17200; 2) civil extortion; and 3) attempted civil extortion. Plaintiffs allege that Yelp manipulates the reviews of business nationwide to instill fear in businesses that if they do not purchase advertising, Yelp will manipulate their reviews - in a manner that does not comply with its Review Terms - so that, for example, 1) positive reviews are removed or filtered; 2) negative reviews are suddenly posted after a business declines to purchase advertising, sometimes by Yelp or by individuals acting through Yelp; and 3) negative reviews are posted or

Gibson, Dunn & Crutcher LLP

remain on a business's Yelp review page even though they do not comply with Yelp's terms and conditions. Plaintiffs allege that Yelp's manipulation of reviews is done strategically, and in conjunction with, or under the guise of its automated review filter, as a threat to induce business owners to pay for advertising. Business owners fear that if they do not pay Yelp for advertising, Yelp will maintain overall negative star ratings on their Yelp review pages, which will result in a decrease in business and patrons.

Some examples of Plaintiff's specific allegations regarding Yelp's conduct include the following: Plaintiff Levitt declined to purchase advertising from Yelp, and within two days, six out of seven 5-star reviews were removed from his business's Yelp review page. Cats and Dogs received a negative review, which Yelp removed, upon request, because it violated Yelp's terms and conditions. Soon after, Yelp asked Cats and Dogs to purchase advertising. Cats and Dogs declined, and within a week, the review that had been removed for violating Yelp's Review Terms was inexplicably re-posted by Yelp. John Mercurio declined to purchase advertising and within minutes, a one-star negative review was moved to the top of his business's Yelp review page. Tracy Chan declined to purchase advertising and within two to three days, Yelp removed nine 5-star reviews from her business's Yelp review page.

Many stories have been published that describe similar allegations relating to Yelp's conduct. *See, e.g.* Andrew LaVallee, *Yelp Disputes Extortion Story,* WALL STREET JOURNAL, February 20, 2009, http://blogs.wsj.com/digits/2009/02/20/yelp-disputes-extortion-story.

## IV.     Relief Sought and Damages Claimed

Plaintiffs request certification of this action as a class action, consisting of two subclasses (one consisting of businesses that advertised on Yelp and one consisting of businesses that did not), with named Plaintiffs certified as class representatives. Plaintiffs also request that Yelp be enjoined from engaging in the alleged activity complained of in the Third Amended Complaint. Plaintiffs further request 1) that Yelp be ordered to disgorge "ill-gotten gains"; 2) an award of restitution; 3) pre- and post-judgment interest; 4) damages and punitive damages "in an amount to be proved at trial"; and 5) an award of all costs and expenses, including attorneys' fees and fees permitted under California Code of Civil Procedure section 1021.

Gibson, Dunn & Crutcher LLP

Plaintiffs have not calculated or otherwise quantified these alleged damages.

## V. Status of Discovery

### A. Yelp's Statement

Judge Patel held an initial case management conference in this action on July 19, 2010.[1] Pursuant to Judge Patel's August 24, 2010 Order Appointing Lead Counsel order, all discovery in this matter is stayed until motions to dismiss have been adjudicated and any answer has been filed. *See* Order Re: Appointment of Lead Counsel, Docket Number 96, at 4.  Moreover, in the Parties' previously filed July 12, 2010 Joint Case Management Statement, the Parties agreed that "discovery should be deferred until the pleadings have closed (*i.e.* until after any motions to dismiss are decided and, if necessary, Yelp has filed an Answer in this action)." *See* July 12, 2010 Joint Case Management, Docket Number 27, at 8 [attached hereto].  Plaintiffs further reiterated this agreement in their own discovery plan, filed on July 26, 2010, stating that no discovery would commence until "pleadings are finalized." *See* Plaintiff Levitt's Discovery Plan, Docket No. 34, at 2.

In addition, Judge Patel's order, the Joint Case Management Statement, and Plaintiffs' discovery plan each provided that any discovery following any answer in this action is to be bifurcated, such that the only discovery permissible after the pleadings are closed (if ever) is "class-related discovery." *See* Order Re: Appointment of Lead Counsel, Docket Number 96, at 4. Moreover, at the March 7, 2011 hearing (prior to her order dismissing Plaintiffs' complaint), Judge Patel reiterated that the terms of her August 24, 2010 order (which stayed and bifurcated discovery) were still in effect.

### B. Plaintiffs' Statement

During the March 7, 2011 hearing on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, Judge Patel ordered that discovery could commence in the case once the Court ruled on Defendant's motion to dismiss. *See* Transcript of Proceedings, Dkt. No. 69.  Specifically,

---

[1] At the July 19, 2010 Case Management Statement, Judge Patel stated, unequivocally, that "discovery is not appropriate when you're looking at a motion to dismiss." *See* Transcript of Proceedings, Dkt. No.32 at 21.

the Court, when asked by Plaintiff's counsel, affirmed that, consistent with her prior order, that "after the Court's ruling on this, then discovery could take place." *Id*. 31:9-25.

Judge Patel's August 24, 2010 order provided that, "Class-related discovery may commence subsequent to the Court's order adjudicating the motion to dismiss if one is filed, or subsequent to the filing of an answer."[2] Accordingly, Judge Patel has twice ruled that discovery could commence once the Order on Defendant's Motion to Dismiss was issued, which occurred on March 22, 2011.

On May 4, 2011 Plaintiff served one interrogatory on Yelp. On May 23, 2011, Defendant served objections and responded that "Yelp will provide any relevant information that is responsive to this Interrogatory at such time, as any, as it is required to do so under the terms of the Court's August 24, 2010 Order.

Given that Judge Patel issued an order on Defendant's Motion to Dismiss, it is Plaintiff's position that discovery may commence, and is in the process of meeting and conferring with Yelp regarding this issue.

### VI. Procedural History

Prior to their transfer to the Northern District of California, three complaints had been filed by some of the plaintiffs (one by plaintiff Levitt and two by plaintiffs Cats & Dogs). After the original complaints were transferred to the United States District Court of the Northern District of California and assigned to Judge Patel, the parties filed a Joint Case Management Conference Statement with the court on July 12, 2010. A copy of that previous statement is attached for the Court's reference.

Judge Patel held a Case Management Conference on July 19, 2010, and on July 20, 2010, she granted Yelp's motion to consolidate the two actions. On August 24, 2010, Judge Patel appointed Ongaro Burtt LLP as plaintiffs' lead counsel and ordered that Plaintiffs file a consolidated complaint within 30 days. In that same August 24, 2010 order, Judge Patel also ordered that "class-related related discovery may commence subsequent to the court's order adjudicating the motion to dismiss if one is filed, or subsequent to the filing of an answer."

---

[2] Yelp's representation of Plaintiff's discovery plan is not entirely accurate. Plaintiff stated only, in the anticipated discovery section that "Once the pleadings are finalized, Levitt will engage in written discovery." The plan was submitted nearly one year ago, and the case has changed since that time.

7
JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 10-01321 EMC / CASE NO. CV 10-02351 EMC

1    Plaintiffs filed their First Amended and Consolidated Class Action complaint on September
2    23, 2010. After Yelp filed a motion to dismiss the complaint on October 22, 2010, Plaintiffs
3    voluntarily withdrew their complaint and filed a Second Amended and Consolidated Class Action
4    Complaint on November 22, 2010. Yelp filed a motion to dismiss this Second Amended Complaint,
5    and on March 7, 2011, Judge Patel held a hearing on the motion to dismiss.
6    On March 22, 2011, Judge Patel granted Yelp's motion to dismiss in its entirety, dismissing
7    Plaintiffs' complaint, with leave to amend. The Parties stipulated to an extension of time for
8    Plaintiffs to file an amended complaint and for Yelp to file a responsive pleading. Pursuant to an
9    April 18, 2011 order by Judge Patel, Plaintiffs were to file an Amended Complaint no later than May
10   23, 2011, and Yelp is to file a responsive pleading no later than July 22, 2011.

11   Plaintiffs filed their Third Amended and Consolidated Complaint on May 23, 2011. Yelp will
12   file a motion to dismiss this latest complaint no later than July 22, 2011.

### A. Yelp's Statement Regarding the Court's Order and Plaintiffs' Complaint

In her March 22, 2011 order dismissing Plaintiffs' complaint, Judge Patel found that Plaintiffs had failed to plead any plausible cause of action, and specifically, that Plaintiffs' allegations were insufficient to plead extortion for purposes of Plaintiffs' UCL claim because they did not allege an express threat or any implied threat of harm.

Judge Patel granted Plaintiffs' leave to amend their complaint based upon representations made by Plaintiffs' counsel at the March 7, 2010 hearing that "continued investigation has produced additional facts that would bolster plaintiffs' allegations." *See* March 22, 2010 Order, Docket No. 70, at 20. Plaintiffs' latest complaint (the sixth filed by Plaintiffs in this action), however, provided no additional facts concerning three of the previously named plaintiffs (Boris Levitt, Cats and Dogs, and Tracy Chan) and added only one new plaintiff, John Mercurio, who likewise fails to allege any express or implied threat.

### B. Plaintiffs' Statement

Judge Patel's March 22, 2011 order granted Plaintiffs leave to amend their complaint and stated that "[t]he court is not persuaded that amendment would be futile and will provide plaintiffs with the opportunity to cure the deficiencies addressed above." *See* March 22, 2010 Order, Dkt. No.

70, at 20.  Plaintiffs therefore, allege new facts and allegations, which address the Court's rulings, in their Third Amended Complaint.

### VII. Other Deadlines

Yelp is required to file a response to Plaintiffs' Second Amended Consolidated Complaint no later than July 22, 2011.

### VIII. Modification of Dates

No request for modification of the above-mentioned dates is requested.

### IX. No Consent to Magistrate Judge

The Parties do not consent to a magistrate judge for trial.

### X. Settlement Conference

The Court has not previously conducted a settlement conference in this case.

### XI. Case Management Conference

The parties agree that there is no immediate need for a case management conference to be scheduled and that any conference should be scheduled for a date following the hearing date on Yelp's anticipated motion to dismiss.

Respectfully Submitted,

DATED: June 21, 2011  **GIBSON, DUNN & CRUTCHER LLP**

By: __/s/ Susannah S. Wright__
S. Ashlie Beringer
Susannah Stroud Wright

Attorneys for Defendant Yelp! Inc.

DATED: June 21, 2011  **ONGARO BURTT & LOUDERBACK LLP**

By: __/s/ David R. Ongaro__
David R. Ongaro
Amelia D. Winchester

Attorneys for Plaintiffs Boris Y. Levitt *et al*.

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Susannah S. Wright, attest that concurrence in the filing of this Joint Case Management Statement has been obtained from each of the other signatories.

/s/ Susannah S. Wright<br>
Susannah Stroud Wright

Yelp -  Joint CMC Statement.doc